GIBSON, DUNN & CRUTCHER LLP
JESSE A. CRIPPS, SBN 222285
   JCripps@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

GIBSON, DUNN & CRUTCHER LLP
MATTHEW T. SESSIONS, SBN 307098
   MSessions@gibsondunn.com
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

Attorneys for Defendant
NORTHROP GRUMMAN CORPORATION

*Additional counsel on next page*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JELANI J. JENNINGS, individual, and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>NORTHROP GRUMMAN CORPORATION, a Delaware Corporation; GARY STANKOVICH, an individual; and DOES 1 through 100, inclusive,<br><br>          Defendants. | CASE NO. 2:24-cv-07212 FMO (Ex)<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Scheduling Conference**<br>Date:    October 17, 2024<br>Time:   10:00 a.m.<br>Ctrm:   6D<br>Judge:  Hon. Fernando M. Olguin<br><br>Action Filed   June 26, 2024<br>Trial Date:   None Set<br>Removed:   Aug. 23, 2024 |

BIBIYAN LAW GROUP, P.C.
David D. Bibiyan (Cal. Bar No. 287811)
   david@tomorrowlaw.com
Jeffrey D. Klein (Cal. Bar No. 297296)
   jeff@tomorrowlaw.com
Henry G. Glitz (Cal. Bar No. 349815)
   henry@tomorrowlaw.com
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, JELANI J. JENNINGS and on behalf of all others similarly situated

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure, Rules 16 and 26(f), Central District Local Rules, and the Court's Order Setting the Rule 26(f) Scheduling Conference (Dkt. No. 17), Plaintiff Jelani Jennings and Defendant Northrop Grumman Corporation (collectively, "the Parties") submit this joint report for the scheduling conference set for 10:00 a.m. on October 17, 2024.  This Joint Report is submitted only on behalf of Plaintiff and Defendant Northrop Grumman Corporation, since individual Defendant Gary Stankovich has not been served to date.  The Parties met and conferred telephonically pursuant to Federal Rule of Civil Procedure 26(f) on September 26, 2024.

## I. JOINT RULE 26(f) REPORT

### A. Statement of the Case

On June 26, 2024, Plaintiff filed a Class Action Complaint in the Superior Court of the State of California, County of Los Angeles, entitled "JELANI J. JENNINGS, an individual and on behalf of all others similarly situated, Plaintiff v. Northrop Grumman Corporation, a Delaware Corporation; Gary Stankovich, and individual; and DOES 1 through 100, inclusive, Defendants," Case No. 24STCV15966, alleging: (1) Failure to Pay Overtime Wages; (2) Failure to Pay Minimum Wages; (3) Failure to Provide Meal Periods; (4) Failure to Provide Rest Periods; (5) Failure to Pay All Wages Due Upon Termination; (6) Failure to Provide Accurate Wage Statements; (7) Failure to Timely Pay Wages During Employment; (8) Failure to Indemnify; (9) Violation of Labor Code § 227.3; and (10) Unfair Competition.  *See* Notice of Removal (Dkt. No. 1), Exh. A ("Complaint"). All causes of action are asserted as class claims.

The purported class in this case is defined as: "all current and former non-exempt employees of Defendant[] within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class."  Complaint, ¶ 26.

On August 23, 2024, Defendant removed this case to the U.S. District Court for the Central District of California, where it is currently pending.  Defendant answered the

Complaint on August 23, 2024, asserting over 37 defenses, including but not limited to the defense that Plaintiff's claims belong in individual bilateral arbitration due to a binding arbitration agreement.

### B. Subject Matter Jurisdiction

#### 1. Plaintiff's Statement:

Plaintiff reserves the right to challenge Defendant's removal of this action to this Court and to argue this case should be remanded to Los Angeles County Superior Court on the ground that the Court lacks subject matter jurisdiction.

#### 2. Defendant's Statement:

Plaintiff filed this action in the California Superior Court for the County of Los Angeles on June 26, 2024. On August 23, 2024, Defendant removed this action to the United States District Court for the Central District of California, asserting subject matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA").

Consistent with their filed Notice of Removal (Dkt. 1), Defendant respectfully contends that removal is proper under CAFA and that the amount in controversy under 28 U.S.C. § 1332(d)(2) is satisfied. Defendant reserves all rights to oppose any Motion for Remand filed by Plaintiff.

### C. Legal Issues

#### 1. Plaintiff's Statement:

As explained above, Plaintiff reserves the right to file a Motion for Remand challenging the subject matter jurisdiction of this Court in this action. Should the case not be remanded, Plaintiff will seek to certify a class of putative class members who, at times, experienced the above-listed violations of law.

#### 2. Defendant's Statement:

Plaintiff's claims include alleged failure to pay all wages due at termination, failure to furnish accurate wage statements, to pay overtime wages, failure to pay minimum wages, failure to timely pay wages, failure to provide meal and rest breaks,

failure to reimburse business expenses, failure to properly pay vested vacation time, and violation of unfair competition law.

Defendant plans to file a Motion to Compel Arbitration prior to the joint scheduling conference on October 17, 2024. Defendant reserves all rights to oppose any Motion filed by Plaintiff.

### D.  Parties, Evidence, Documents

#### 1.  Plaintiff's Statement:

Plaintiff believes that the Complaint properly names all Defendants. In addition to the parties and documents identified by Defendant below, Plaintiff contends that additional relevant documents relating to Plaintiff's employment with Defendant are in Defendant's sole custody, control, and possession. Plaintiff will be better able to identify relevant evidence and key documents after completing discovery.

#### 2.  Defendant's Statement:

The parties are Plaintiff Jelani Jennings, Defendant Northrop Grumman Corporation, and individual Defendant Gary Stankovich. For conflicts purposes, Defendant Northrop Grumman Corporation wholly owns Northrop Grumman Systems Corporation. At this time, Defendant contends that the only relevant document is Plaintiff's arbitration agreement, which Defendant will submit to the Court upon filing its Motion to Compel Arbitration.

### E.  Insurance:

There currently is no insurance coverage in this case.

### F.  Magistrate Judge:

The parties do not consent to a mutually agreeable magistrate judge to preside over this action for all purposes. Northrop Grumman contends that this matter belongs in arbitration.

G. **Discovery:**

1. **Plaintiff's Statement:**

As explained above, Plaintiff reserves the right to file a Motion for Remand challenging this Court's subject matter jurisdiction in this action. Should the case not be remanded ultimately, however, in order to support a Motion for Class Certification ("MCC"), Plaintiff intends to seek discovery of several critical types of evidence, as listed below:

A. *Time and Payroll Records and Written Policies*

It is vital that Plaintiff obtain discovery as to Defendant's time and payroll records to support the MCC. First, matching of time and payroll records are essential for Plaintiff to certify a class in connection with Plaintiff's allegations that Plaintiff and similarly situated employees were not paid all wages owed. Second, matching time and payroll records are essential to certify a class in connection with Plaintiff's allegation that Plaintiff and similarly situated employees were not provided with compliant lunch periods and/or compensation in lieu thereof. Third, production of wage statements is necessary to support Plaintiff's allegations that Plaintiff and similarly situated employees were not provided with accurate, itemized wage statements. Finally, Plaintiff will also serve written discovery for Defendants' wage-and-hour policies in effect during the Class Period.

B. *Declarations from Putative Class Members*

Plaintiff must be permitted to contact and obtain the testimony of putative class members to support the allegations in Plaintiff's operative pleading that Defendants' practices resulted in failure to provide wages, including Plaintiff's allegations that employees were at times permitted, engaged, or suffered to work off-the-clock in violation of California law, among other allegations in Plaintiff's Complaint. To that end, Plaintiff will request the names and contact information for putative class members. Plaintiff contends the information can be provided promptly, facilitated by use of a protective order, if necessary. Plaintiff is also amenable to utilizing a *Belaire-West* opt-

Gibson, Dunn & Crutcher LLP

out notice procedure, but this would significantly extend the amount of time necessary to prepare for the filing of an MCC, and thus Plaintiff would request additional time for the MCC filing should the *Belaire-West* procedure be utilized.

### C. *Expert Declaration(s)*

It will almost certainly take an expert weeks, at minimum, to review all the information obtained in discovery. Moreover, there may be other issues uncovered in an expert's analysis that may require amendment of the pleadings and/or further written discovery and interaction with putative class members. Finally, when the analysis is completed, it will take time for the expert(s) to provide declaration testimony to be included with any MCC.

### D. *Person(s) Most Knowledgeable Deposition(s)*

Once Plaintiff obtains written policies, time and payroll documents, expert analysis, and declarations from putative class members, Plaintiff intends to depose the Person(s) Most Knowledgeable on certain categories for Defendants.

### 2. **Defendant's Statement:**

Defendant contends that discovery and/or any discovery deadlines at this time are not appropriate because this matter is subject to arbitration. Defendant reserves all rights to oppose any Motion for Remand, Motion for Class Certification, and/or discovery requests filed by Plaintiff.

## H. Motions:

### 1. **Plaintiff's Statement:**

As discussed above, Plaintiff reserves the right to file a Motion for Remand. Should the case not be remanded, however, Plaintiff does not contemplate filing any other non-discovery motion at this time other than a Motion for Class Certification.

### 2. **Defendant's Statement:**

Defendant does not presently anticipate the need to add any additional parties to this case or amend any pleadings in the case, but Defendant reserves all rights.

Defendant plans to file a Motion to Compel Arbitration prior to this conference. Defendant believes that this matter is subject to arbitration and that other motions are therefore unnecessary. In the event Plaintiff files a motion for class certification or dispositive motion, Defendant intends to oppose such filings and reserves all rights.

**I.     Class Certification**

**1.     Plaintiff's Statement**

Should the case not be remanded, Plaintiff will request that any deadline for the filing of an MCC be set for one year from the date the Court rules on Plaintiff's Motion For Remand. If the Parties decide to attend mediation, then the deadline for filing the MCC should instead be set one year from the date of the mediation.

Plaintiff proposes that after any MCC is filed, the Parties meet and confer within two (2) weeks of the filing of the MCC and either submit a stipulation or ask the Court for a status conference to set deadlines for an opposition, reply, and hearing date on the MCC.

**2.     Defendant's Statement**

Defendant believes that no class certification motion and/or class certification deadline is appropriate because this matter is subject to arbitration. Defendant reserves all rights to oppose Plaintiff's Motion for Class Certification.

**J.     Dispositive Motions**

**1.     Plaintiff's Statement**

Plaintiff does not anticipate filing any motions to dismiss, motions for summary judgment, or any other dispositive motions at this time.

**2.     Defendant's Statement**

Defendant believes that no dispositive motions are appropriate because this matter is subject to arbitration. Defendant reserves all rights.

**K.     Settlement/Alternative Dispute Resolution**

The Parties have had standard preliminary discussions regarding potential early resolution but have yet to meaningfully discuss settlement thus far.

### 1. Plaintiff's Statement

Plaintiff is amenable to private mediation as the preferred ADR procedure.

### 2. Defendant's Statement

Defendant believes the most productive alternative dispute resolution would be a private mediation pursuant to Local Rule 16-15.4(3).

## L. Pretrial Conference and Trial:

### 1. Plaintiff's Statement:

Plaintiff contends that it is premature at this juncture to set dates for a pretrial conference and trial.

### 2. Defendant's Statement

Defendant believes that a pretrial conference and trial in this forum are not appropriate because this matter is subject to arbitration.

## M. Trial Estimate

### 1. Plaintiff's Statement

As explained above, Plaintiff reserves the right to file a Motion for Remand of this action on a basis of lack of subject matter jurisdiction.  Accordingly, Plaintiff contends that it is premature to estimate the trial length at this time. To the extent that a trial estimate is necessary at this time, however, Plaintiff estimates 10-15 days, with trial by jury.  Plaintiff estimates calling no less than ten witnesses. The estimated length of time is appropriate for a class action case, which involves the testimony of numerous witnesses.

### 2. Defendant's Statement

Defendant respectfully requests that the Court defer any decision on the likely length of trial until after Defendant's Motion to Compel Arbitration is resolved.  Because no discovery has taken place, if a trial occurs the parties cannot estimate or predict the number of witnesses they expect to call.

**N. Trial Counsel**

    **1. Plaintiff's Statement**

David D. Bibiyan, Jeffrey D. Klein, and Henry G. Glitz of Bibiyan Law Group, P.C., are counsel for Plaintiff.

    **2. Defendant's Statement:**

Defendant contends that this matter is subject to arbitration. Jesse Cripps and Matthew Sessions of Gibson, Dunn & Crutcher LLP are counsel for Defendant.

**O. Independent Expert of Master:**

    **1. Plaintiff's Statement:**

Plaintiff does not believe that it is necessary for the Court to appoint a master pursuant to Rule 53 or an independent scientific expert.

    **2. Defendant's Statement:**

Defendant contends that a master pursuant to Fed. R. Civ. P 53 or an independent scientific expert is not appropriate because this matter is subject to arbitration.

**P. Other Issues:**

    **1. Proposals Regarding Severance, Bifurcation or Other Ordering of Proof:**

        a) **Plaintiff's Statement**

Plaintiff agrees with Defendant that any order regarding severance, bifurcation, and/or order of proof would be premature at this juncture. Plaintiff reserves the right to make such a proposal at a later date.

        b) **Defendant's Statement**

Defendant respectfully believes that at this time, it is premature to make proposals regarding severance, bifurcation, and orders of proof. Defendant reserves the right to make such a proposal.

## 2. Other Issues Affecting Case Management

Defendant respectfully contends that the forthcoming Motion to Compel Arbitration must be decided as a threshold issue and should be decided before any other issues are decided.

The Parties do not anticipate any other issues affecting the status or management of the case but reserve the right to address such issues if necessary.

Dated: October 3, 2024         Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Jesse A. Cripps*
　　Jesse A. Cripps
　　Matthew T. Sessions

　　Attorneys for Defendant
　　NORTHROP GRUMMAN CORPORATION

Dated: October 3, 2024         Respectfully submitted,

BIBIYAN LAW GROUP, P.C.

By: /s/ *Henry G. Glitz*
　　David D. Bibiyan
　　Jeffrey D. Klein
　　Henry G. Glitz

　　Attorneys for Plaintiff
　　JELANI J. JENNINGS, as an individual, and on behalf of all others similarly situated

**ECF ATTESTATION**

I, Jesse A. Cripps, hereby attest pursuant to Local Rule 5-4.3.4(a)(2) that the concurrence in the filing of this document has been obtained by the above signatories.

Dated: October 3, 2024

By: /s/ *Jesse A. Cripps*
Jesse A. Cripps